# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDRES VALDEMAR LOOR-FLORES,<br><br>                    Defendant. | Case No.: 18-cr-875-DMS-1<br><br>**ORDER GRANTING JOINT MOTION TO REDUCE SENTENCE** |

      Pending before the Court is the parties' joint motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (2023). (ECF No. 85.) The Court finds that Defendant qualifies for a sentence modification to reflect a -2 adjustment to the total offense level pursuant to U.S.S.G. § 4C1.1, and grants the motion.

      Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 821 came into effect on November 1, 2023. Part B

of Amendment 821 implemented U.S.S.G. § 4C1.1, which provides that certain offenders with 0 criminal history points will be eligible for a -2 adjustment to their offense level. The new Guideline provides in full:

> If the defendant meets all of the following criteria:
> 1. the defendant did not receive any criminal history points from Chapter Four, Part A;
> 2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> 3. the defendant did not use violence or credible threats of violence in connection with the offense;
> 4. the offense did not result in death or serious bodily injury;
> 5. the instant offense of conviction is not a sex offense;
> 6. the defendant did not personally cause substantial financial hardship;
> 7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> 8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> 9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> 10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a). This Guideline applies retroactively. *See* U.S.S.G. § 1B1.10(d) (stating that Part B of Amendment 821, implementing U.S.S.G. § 4C1.1, applies retroactively for purposes of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2)). However, courts may not order a reduced term of imprisonment based on Amendment 821 "unless the effective date of the court's order is February 1, 2024, or later." U.S.S.G. § 1B1.10(e)(2).

The parties agree that Defendant's sentence should be reduced to reflect a -2 adjustment in his offense level pursuant to U.S.S.G. § 4C1.1 because at the time of original sentencing Defendant was a qualifying zero-point offender. The parties also agree that none of the disqualifications listed in U.S.S.G. § 1B1.10 apply here. At his original

sentencing, the Court found that Defendant's total offense level was 31, and that he was in criminal history category I, resulting in a sentencing guideline range of 108–135 months. The Court sentenced Defendant to 108 months, at the low end of the guideline range. Applying the 2-level reduction under U.S.S.G. § 4C1.1 brings down Defendant's amended offense level to 29. This results in an amended guideline range of 87–108 months.

The parties now jointly recommend that the Court impose a modified sentence of 87 months, at the low end of the amended guideline range.[1] The Court agrees. Accordingly, the Court **GRANTS** the joint motion and **HEREBY ORDERS** as follows:

1. Defendant's custodial sentence is **MODIFIED AND REDUCED** to 87 months. All other terms of the original judgment against Defendant remain unchanged. (*See* Judgment, ECF No. 66.)
2. Pursuant to U.S.S.G. § 1B1.10(e)(2), this Order shall become effective on **February 1, 2024**.

**IT IS SO ORDERED.**

Date:  January 22, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] The Court lacks discretion to reduce Defendant's sentence below the amended guideline range—here, 87 months. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . .").